UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:

    MARBLE, THOMAS M.,
    MARBLE, AUTUMN R.,

        Debtors.

_____/

Case No. 09-40146

Chapter 7

Hon. Walter Shapero

# OPINION REGARDING TRUSTEE'S OBJECTION
# TO DEBTORS' CLAIM OF EXEMPTIONS

## I. BACKGROUND

Before the Court is a dispute between Gene R. Kohut, Chapter 7 Trustee ("Trustee"), and joint-debtor spouses, Thomas Marble Jr. and Autumn Marble ("Debtors"), over Debtors' claim of exemptions. Debtors filed a chapter 7 petition on January 5, 2009. The Trustee objects to their exemptions of (1) a joint income tax refund, and (2) an annuity remaining from a personal injury action. For the reasons stated below, Debtor Autumn Marble may claim as exempt under 11 U.S.C. § 522(d)(5) one-half of the joint income tax refund and Debtor Thomas Marble Jr. may claim as exempt the annuity in the full amount under § 522(d)(11)(E). The parties stipulated to the facts upon which the Court was to decide the case.

### A. Facts and Positions Relating to the Income Tax Refund

For the year 2008, the Debtors received a federal tax refund of $4,164.00 and a state income tax refund of $333.00, both from jointly-filed income tax returns. (See Exhibit A). All of the income tax withholding is attributable to Thomas Marble, Jr. (See Exhibit A at 6, 12). On March 18, 2009 the Debtors filed amendments to their Schedules B and C in which they disclosed the 2008 federal income tax refund with a value of $3,790.00. On amended Schedule C, Debtor Autumn Marble claimed the entire 2008 federal income tax refund in the amount of $3,790.00 exempt under 11 U.S.C §

522(d)(5). The Trustee disputes Autumn Marble's ownership of the tax refunds and objects to her claim of exemption, arguing that the portion of a joint income tax refund attributable to, and exemptible by, an individual, should be based upon the income tax withholding attributable to that individual.

### B. Facts and Positions Relating to the Annuity

Debtors' amended Schedules B and C disclosed joint property described as "remaining annuity from settlement of personal injury action, $150,000.00 payable February 7, 2020" with a present value of $19,750.00[1] ("the annuity"). When Debtor Thomas Marble, now age twenty-five, was one-month old and a dependent of his father, Thomas Marble Sr., the latter suffered catastrophic injuries at work due to his employer's negligence. Thomas Marble Sr. and his wife Sherry Marble filed a complaint in Wayne County Circuit Court against the employer. The specific relief sought in that action is not part of the stipulated facts. Sherry Marble, as next of friend of Thomas Marble Jr. and his siblings, also filed a separate complaint ("Complaint") and jury demand in Wayne County Circuit Court seeking damages on behalf of her children for the "loss of parental society and companionship" suffered as a result of the injuries to Thomas Marble, Sr. (See Exhibit C). Both of these cases were settled by a Settlement and Release Agreement which, in consideration for structured annuity payments by the employer to Thomas Marble Sr., Sherry Marble, and their children discharged the employer and the employer's insurer from all claims growing out of the complaints. (Exhibit D at 2).

Debtors claim the annuity as exempt under several provisions of 11 U.S.C. § 522. Debtor Autumn Marble claims an exemption of $6,864.97 for the annuity pursuant to 11 U.S.C. § 522(d)(5). The Trustee objects to this claim on the grounds that Autumn Marble does not have an ownership interest in the annuity and 11 U.S.C. § 522(l) does not permit her to exempt her husband's property.

Debtor Thomas Marble claims an exemption of $10,700.00 in the annuity pursuant to 11 U.S.C § 522(d)(5). Debtor Thomas Marble also claims the annuity exempt in the full amount of $19,750.00 pursuant to 11 U.S.C §§ 522(d)(11)(D), 522(d)(11)(E),

---

[1] The Debtors' valuation of the annuity is based on an offer from J.G. Wentworth to purchase the annuity for this price. (Exhibit H).

and 522(d)(10)(C). The Trustee objects to the § 522(d)(11)(D) claim on the grounds that Thomas Marble Jr. is not currently a dependent of his father; and objects to the § 522(d)(11)(E) claim on the grounds that the annuity does not constitute a payment in compensation of loss of future earnings; and objects to the § 522(d)(10)(C) claim on the grounds that the annuity does not constitute a disability, illness or unemployment benefit.

## II. DISCUSSION

### A. Income Tax Refund Exemption

Debtor Autumn Marble argues that she is permitted to exempt the entire federal income tax refund under 11 U.S.C. § 522(d)(5) because the tax refund constitutes marital property, and, as such, is owned equally by each spouse. For the following reasons, the Court finds that Debtor Autumn Marble may exempt one-half of the 2008 federal income tax refund.

Debtor Autumn Marble is correct insofar as she states that the federal tax refund was property acquired during the course of the Debtors' marriage, and, therefore, may properly be deemed 'marital property' under Michigan law. *Byington v. Byington*, 568 N.W. 2d 141, 144 (Mich. Ct. App. 1997). However, *Byington* does not stand for the proposition that personal property acquired during the course of a marriage is owned equally by both spouses. Rather, *Byington* states that a court, when apportioning marital property, "must strive for an equitable division." *Byington* at 145. This is consistent with Michigan divorce law which recognizes that a court may make discretionary judgments when apportioning property between spouses, or, put differently, the court may make judgments apportioning personal property that has come to either spouse by reason of the marriage as it deems "just and reasonable."[2]

Upon the filing of a bankruptcy petition, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate. 11 U.S.C. § 541. It is undisputed that the pre-petition portion of an income tax refund is property of the

---

[2] "Upon the annulment of a marriage, a divorce from the bonds of matrimony or a judgment of separate maintenance, the court may make a further judgment for restoring to either party the whole, or such parts as it shall deem just and reasonable, of the real and personal estate that shall have come to either party by reason of the marriage, or for awarding to either party the value thereof, to be paid by either party in money." Mich. Comp. Laws Ann. §552.19 (2009).

bankruptcy estate under § 541(a)(1).[3] *Araj v. Kohut (In re Araj)*, 371 B.R. 240, 244 (Bankr. E.D. Mich. 2007); *In re Innis* 331 B.R. 784, 786 (Bankr. S.D. Ill. 2005); *In re Moody*, 241 B.R. 238 (Bankr. M.D. Fla. 1999). In this case, Debtors concede that all of the 2008 federal income tax refund falls within § 541 and is properly considered property of the bankruptcy estate.

Generally, bankruptcy courts apply state law when determining substantive property rights other than those governed by federal statutes, treaties, and the Constitution. *Butner v. U.S.*, 440 U.S. 48 (1979); *See also In re Innis* 331 B.R. 784, 786 (S.D. Ill. 2005) (holding "That a debtor's rights in a tax refund are determined under state law is not subject to dispute").

The question in this case is: what portion, if any, of the income tax refund may Debtor Autumn Marble may claim as her property and, therefore, claim as exempt under § 522(d)(5). This Court concludes that (1) there is a rebuttable presumption that each debtor spouse has an equal, one-half property interest in the tax refund; (2) such presumption may, however, be rebutted by appropriate evidence indicating intentions by the debtor-spouses to separately own or divide the tax refunds between themselves in other than equal shares.

The issue of determining what portion of a joint income tax refund may be attributed to a spouse arises in at least two bankruptcy contexts. The first is the case of a joint-debtor spouse claiming a joint tax refund as exempt property despite not being responsible for either the income or tax withholding that yielded the refund. *See In re Hejmowski*, 296 B.R. 645 (Bankr. W.D. N.Y. 2003); *Bass v. Hall*, 79 B.R. 653 (Bankr. W.D. Va. 1987). The second is the case of a non-debtor spouse claiming ownership of a joint tax refund. *See In re Kleinfeldt*, 287 B.R. 291 (10th Cir. B.A.P. 2002); *In re Innis*, 331 BR 784 (Bankr. C.D. Ill. 2005). The latter situation involves a determination of what property belongs to the non-debtor spouse and what property may be considered part of the bankruptcy estate; the former situation considers what property, that is concededly part of the bankruptcy estate, may be claimed as exempt by one of the debtor-spouses.

---

[3] Such estate is comprised of all the following property wherever located and by whomever held:
   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

For the purposes of deciding the question and evaluating precedent, this Court deems irrelevant whether the bankruptcy case is joint or only that of one of the presently married spouses.

Bankruptcy courts have taken at least four approaches to this issue. The so-called "majority approach" states that the portion of a joint income tax refund to be attributable to an individual should be determined based upon the income tax withholding attributable to that individual. *See Kleinfeldt* at 293; *See also In re Edwards*, 363 B.R. 55 (Bankr. D. Conn. 2007); *In re Baker*, 82 B.R. 461 (Bankr. S.D. Ohio 1987). The Trustee asks the Court to adopt this approach. A second, similar, approach allocates joint tax refunds proportionally in accordance with income produced. *See In re Levine*, 50 B.R. 587 (Bankr. S.D. Fla. 1985); *In re Verill*, 17 B.R. 652, 655 (Bankr. D. Md. 1982); *In re Kestner*, 9 B.R. 334, 336 (Bankr. E.D. Va. 1981); *In re Colbert*, 5 B.R. 646, 648-49 (Bankr. S.D. Ohio 1980). A third approach allocates joint tax refunds equally between husband and wife—apportioning one half of the tax refund to each spouse—without regard to tax withholdings or income produced. *See Bass v. Hall*, 79 B.R. 653, 656 (Bankr. W.D. Va. 1987); *In re Innis*, 331 B.R. 784 (Bankr. S.D. Ill. 2005); *In re Aldrich*, 250 B.R. 907 (Bankr. W.D. Tenn. 2000). A fourth approach holds that a presumption of equal ownership of a joint tax refund exists, but should be limited and may be rebutted by evidence of the spouses' financial history or fiscal practices that demonstrate intentions contrary to equal ownership. *See In re Barrow*, 306 B.R. 28, 30 (Bankr. W.D. N.Y. 2004). This final approach is the one adopted by this Court.

The "majority approach" reasons that a tax "refund" is simply a "repayment" made to the taxpayer of his or her overpayment and that the filing of a joint tax return has no special metamorphic effect on the tax refund that might vest in a non-earning spouse some property interest in the refund. *Kleinfeldt* at 293. In *Kleinfeldt,* the court denied Mrs. Kleinfeldt, a non-debtor spouse who was not responsible for any income or tax withholding, entitlement to any portion of a tax refund stemming from a jointly filed tax return. In *Kleinfeldt*, the court speculated that the spouses filed jointly "for the purpose of taking advantage of perceived tax advantages" rather than as a symbolic expression of their desire to own the tax refund equally. *Id.* at 294. Thus, reasoned the court, the joint

filing had no effect on the nature of the funds and they remained exclusively the property of the income-earning debtor.

Although this Court agrees that the mere signing of joint tax return by a spouse is not in and of itself a clear indication of a desire by jointly-filing spouses to share subsequent tax refunds in equal shares, this Court nonetheless concludes that tax refunds stemming from a jointly-filed tax return are presumptively held in equal shares by debtor-spouses. In the instant case, Debtor Autumn Marble's claim of ownership of a portion of the tax refunds is based on state law—not the mere filing of a joint return. *See In re Barrow*, 306 B.R. 28, 30 (Bankr. W.D. N.Y. 2004) (stating that "the filing of joint tax returns does not alter property rights between husband and wife. In particular, the filing of a joint return does not have the effect of converting the income of one spouse into the income of another" (citation omitted); *See also Bass v. Hall*, 79 B.R. 653, 656 (W.D. Va. 1987) (applying Virginia law in holding that joint bank accounts belong to spouses equally absent "clear and convincing evidence of a different intent").

In the instant case, in order to make a judgment as to whether Debtor Autumn Marble can claim the tax refund as exempt, the Court must decide whether she has an ownership interest in the refund. Principles of state law guide this Court to adopt the approach of *In re Barrow*, 306 B.R. 28, 30 (W.D. NY, 2004), recognizing a rebuttable presumption of equal ownership of joint income tax refunds. *Barrow* recognized that a tax overpayment is "not necessarily linked to income or withholdings," but often a significant portion of the refund is attributable to various tax credits. *Id*. at 31. Recognizing the problems involved with allocating tax refunds based solely on assumptions relating to income production, *Barrow* held that "the presumption of equal ownership applies a reasonable and fair method for allocating a joint tax refund…[and] also avoids difficult issues of proof, particularly in the typical case where income or withholding ratios present an incomplete and inaccurate basis for attribution." *Id*. at 32. The equitable principles which guide apportionment of marital property in this state are consistent with the reasoning of *Barrow*:

> The goal of the court when apportioning a marital estate is to reach an equitable division in light of all the circumstances. Each spouse need not

receive a mathematically equal share, but significant departures from congruence must be explained clearly by the court.

*Byington*, 568 N.W. 2d at 146 (citations omitted). In order to make an "equitable division" of marital property in this case, the Court looks to evidence of the financial practices between the spouses, rather than assume any refund represents income of one spouse or another. *See Barrow*, 306 B.R at 31; *See also In re Hejmowski*, 296 B.R. 645, 649 (Bankr. W.D. NY, 2003) (taking into account "actual financial practices of long standing" when determining a non-earning joint-debtor spouse's claim to an ownership share of a tax refund). The Trustee in this case has not presented evidence sufficient to rebut the presumption that the Debtors own the tax refunds in equal shares—such as, for instance, individual bank accounts, a history of filing separate tax returns, or other appropriate evidence relevant to the issue. Therefore, Debtor Autumn Marble, under the record (consisting of stipulated facts), may exempt one-half of the 2008 federal income tax refund.

### B. The Annuity Exemption under 11 U.S.C. § 522(d)(5) and 11 U.S.C. § 522(l)

The plain language of § 522(l) precludes Debtor Autumn Marble from claiming the annuity as exempt under § 522(d)(5) in the amount of $6,864.97 because Debtor Thomas Marble Jr. filed a list of property claimed as exempt pursuant to § 522(b).

Section 522(d)(5) states:

> (d) The following property may be exempted under subsection (b)(2) of this subsection:
>
> (5) The debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided under paragraph (1) of this subsection.

Section 522(l) states:

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. *If the debtor does not file such a list*, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party

in interest objects, the property claimed as exempt on such list is exempt (emphasis added).

Courts have relied on the plain meaning of § 522(l) in holding that an individual acting as a dependent of the debtor may only file a list of exemptions on the debtor's behalf if the debtor did not already file such a list. *See In re Alexander*, 288 B.R. 127 (B.A.P. 8th Cir. 2003) (holding that "[a] dependent of the debtor may assert exemptions on behalf of the debtor **only if the debtor fails to do so.**" (emphasis added)).

The Trustee argues that Debtor Autumn Marble should not be able to claim the annuity as exempt because (1) she does not have any ownership interest in the property because Thomas Marble Jr. acquired it before marriage, and it is, therefore, not marital property and not her property and (2) the language of § 522(l) does not permit Autumn Marble, acting as a "dependent," to exempt the annuity because Thomas Marble Jr. already filed a Schedule C claiming the property as exempt.

Debtor urges the court to interpret the language of § 522(d)(5)—"the Debtor's aggregate interest in *any* property" (Debtor's emphasis)—as permitting Debtor Autumn Marble to claim as exempt any property of the marital estate. However, the plain language of § 522(l) does not permit Debtor Autumn Marble, acting as a dependent, to claim the annuity as exempt. While Autumn Marble is a "dependent" as defined by § 522(a)(1), § 522(l) only permits a dependent to file a list of property claimed as exempt or claim property as exempt on behalf of the debtor *if the debtor does not file a list of property that the debtor claims as exempt under subsection (b).* Because Thomas Marble Jr. *did* file a list of property that he claimed as exempt under subsection (b), Autumn Marble may not file such a list.

### C. The Annuity Exemption as a "Disability Benefit" under 11 U.S.C. § 522(d)(10)(C)

Debtor Thomas Marble Jr. may not claim the annuity as a "disability benefit" under § 522(d)(10)(C) because § 522(d)(10)(C) does not cover tort claims. Furthermore, even if the Court were to construe § 522(d)(10)(C) as allowing a debtor to exempt all benefits "akin to future earnings of the debtor," Thomas Marble Jr. would still not be

- 8 -
09-40146-wsd    Doc 36    Filed 12/28/09    Entered 12/28/09 11:38:34    Page 8 of 14

permitted to claim the annuity as exempt under this provision because *his* future earnings are not being compensated by the annuity.

Section 522(d)(10)(C) states:

> (d) The following property may be exempted under subsection (b)(2) of this section:
>     (10) The debtor's right to receive--
>         (C) a disability, illness, or unemployment benefit

The Trustee argues that the annuity cannot be considered a "disability benefit" because the annuity stems from the settlement of a tort claim. *In Re Buchholz*, 144 B.R. 443, 445 (Bankr. N.D. Iowa 1992) supports the proposition that the settlement of a tort claim does not constitute a "disability benefit" under § 522(d)(10)(C). Citing various dictionary definitions of "benefit" and one treatise referencing § 522(d)(10)(C), *Buchholz* concludes that "the use of the term 'benefit' seems to limit the exemption to contractual entitlements, not tort recoveries." *Id*. at 446.

Debtors, citing *In re Sanchez*, 362 BR 342, 352 (Bankr. W.D. Mich. 2007), argue for a broader interpretation of § 522(d)(10) and § 522(d)(11) as "payment streams" based on the words "the debtor's right to receive" that only appear in subsections (10) and (11) of § 522(d). Debtors argue that "all the benefits and other rights referenced in § 522(d)(10) are "akin to future earnings" in the sense that they serve to supplement or replace the regular paycheck that a debtor might have otherwise continued to have received." (Debtors' Answer, ¶ 46).

The legislative history of § 522(d)(10) supports the interpretation of the provision as only permitting a debtor to exempt benefits "that are akin to future earnings *of the debtor*"[4]—whereas Paragraph (11) permits a debtor to exempt benefits from the loss of future earnings of *an individual of whom the debtor is or was a dependent* (emphasis

---

[4] "Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), and benefits under a certain stock bonus, pension, profitsharing, annuity or similar plan based on illness, disability, death, age or length of service."
H.R.Rep. No. 595, 9th Cong. 1st Sess. 362 (1977), *reprinted* in 1978 U.S.Code Cong. & Ad. News at 6318.

added).[5] However, Thomas Marble Jr.'s interest in the annuity does not stem from his loss of anything "akin to future earnings." Thomas Marble Jr.'s interest in the annuity in this case is, as best as can be inferred from the stipulated facts, based on a claim of loss of consortium. The harm allegedly suffered by Thomas Marble Jr. and the other children of Thomas Marble Sr. in the Complaint filed against Thomas Marble Sr.'s former employer was "the loss of parental society and companionship." (Exhibit C to Trustee's Objection). Even if this Court were to assume—for the purposes of determining for what, in fact, the annuity was compensating Thomas Marble Jr.—there were other claims Thomas Marble Jr. could have brought against the defendant-employer, a claim based on the loss of *his* future earnings would not have been one of them.

"Earnings" are defined as "revenue gained from labor or services, from the investment of capital, or from assets." *Black's Law Dictionary* (8th ed. 2004). An annuity from a tort settlement agreement does not seem to be "akin" to these types of income streams when the plaintiffs (Thomas Marble Jr. and his siblings) who entered into the settlement agreement had no claim for loss of future earnings. Therefore, Thomas Marble Jr. may not claim the annuity exemption under § 522(d)(10)(C).

### D. The Annuity Exemption under 11 U.S.C. § 522(d)(11)(D)

Thomas Marble Jr. may not claim the annuity as an exemption under §522(d)(11)(D) because Thomas Marble Jr. is no longer a dependent of Thomas Marble Sr. Section 522(d)(11)(D) states:

> (d) The following property may be exempted under subsection (b)(2) of this section:
>
> (11) The debtor's right to receive or property that is traceable to—

---

[5] Paragraph (11) allows the debtor to exempt certain compensation for losses. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering ($10,000 limitation), and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) is designed to cover payments in compensation and actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill. H.R.Rep. No. 595, 9th Cong. 1st Sess. 362 (1977), *reprinted* in 1978 U.S.Code Cong. & Ad. News at 6318.

> (D) a payment not to exceed $20,200 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent

The plain language of this section of the Bankruptcy Code makes clear that a debtor can only exempt a payment received on account of personal bodily injury by another if that person is an individual of whom the debtor *is* a dependent. The language of the following section, § 522(d)(11)(E), "an individual of whom the debtor *is or was* a dependent" demonstrates an intention to limit exemptions claimed under § 522(d)(11)(D) to current dependents of individuals who receive payment on account of personal bodily injury.

### E.  The Annuity Exemption Under 11 U.S.C. § 522(d)(11)(E)

Debtor Thomas Marble Jr. may claim the annuity exempt under § 522(d)(11)(E) because the annuity payment may be considered property that is traceable to compensation for the loss of his father's future earnings.

Exemptions should be liberally construed in favor of the debtor, and, according to Federal Rule of Bankruptcy Procedure 4003(c), the party objecting to an exemption has the burden of proving that the property claimed by the debtor should not be exempted. *In re Brown*, 2008 Bankr. LEXIS 1675 (B.A.P. 6th Cir. June 11, 2008). This Court holds that the Trustee, the objecting party in this case, has not met the burden of proving that the annuity is not property traceable to a payment in compensation for loss of future earnings of Thomas Marble Sr. Because the parties stipulated that "if the Court finds that the annuity is capable of exemption by the Debtor Thomas Michael Marble, Jr. under 11 U.S.C. § 522(d)(11)(E), it will be deemed reasonably necessary for the support of the Debtor and dependents by both parties," this Court necessarily concludes that the Debtor may claim the exemption in the annuity in the full amount listed on Debtor's Schedule C, $19,750.00.

Section 522(d)(11)(E) states:

> (d) The following property may be exempted under subsection (b)(2) of this section:

> (11) The debtor's right to receive, or property that is traceable to—
>
> > (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Under § 522(d)(11)(E), unlike § 522(d)(11)(D), a debtor may claim an exemption for property traceable to payments in compensation for loss of future earnings of an individual of whom the debtor *is or was a dependent.* In order to claim the exemption the Debtor must show that (1) the annuity constitutes property that is traceable to a payment in compensation of loss of future earnings of Thomas Marble Sr. and (2) Debtor Thomas Marble Jr. is or was a dependent of Thomas Marble Sr. It is undisputed that Debtor Thomas Marble Jr. was a dependent of Thomas Marble Sr. on March 2, 1984, the date Thomas Marble Sr. suffered the work-related injury for which the Settlement Agreement was reached. So the question is whether the annuity constitutes property that is traceable to a payment in compensation of loss of future earnings of Thomas Marble Sr.

Debtor argues that the Settlement Agreement contemplated all claims that might have been brought by Debtor Thomas Marble Jr. against his father's former employer, not just the loss of parental society and companionship claim set forth in the Complaint. Indeed, the Settlement Agreement states that the plaintiffs release the defendant from "any and all past, present and future claims…which the Plaintiffs now have or which may hereafter accrue or otherwise be acquired, on account of, or in any way growing out of, or which are the subject of, the Complaint (and all related pleadings)." (Exhibit D to Trustee's Objection).

The Trustee argues that if Debtor Thomas Marble Jr. sought payment for his father's loss of future earnings, he would have expressly made such a claim in the Complaint. However, the claims enumerated in the Complaint do not necessarily include every claim Debtor Thomas Marble Jr. may have had against his father's employer. Had the parties to the state court action not reached a settlement, the Complaint could have been further amended to include claims

09-40146-wsd    Doc 36    Filed 12/28/09    Entered 12/28/09 11:38:34    Page 12 of 14

which might have been more directly traceable to Thomas Marble Sr.'s loss of future earnings. Furthermore, the Settlement Agreement, not the Complaint, is the document that sets forth the terms of payment of the annuity. The broad language of the Settlement Agreement, therefore, is more indicative than the claims set forth in the Complaint of whether or not Thomas Marble Sr.'s children were being compensated for their father's loss of future earnings. While the Settlement Agreement does not explicitly mention "loss of future earnings," it does contain language which leaves open the issue of whether Thomas Marble Sr.'s loss of future earnings were a consideration of the agreement,[6] and the Trustee has not presented evidence sufficient to meet the burden of proving that a loss-of-future-earnings claim is not traceable to the Settlement Agreement.

Furthermore, Debtor Thomas Marble Jr. need not necessarily prove that *he* received compensation for his father's loss of future earnings, only that the annuity is property "*traceable* to a payment in compensation of loss of future earnings of…an individual of whom the debtor is or was a dependent." 11 U.S.C. § 522(d)(11)(E) (emphasis added). A separate state court action filed in Wayne County Circuit Court by Thomas Marble Sr. and Sherry Marble against Thomas Marble Sr.'s employer was also settled by the Settlement Agreement. Because—according to the stipulation agreement entered into by the Trustee and the Debtors—the relief sought in that action is unknown, the Trustee cannot point to that action as support for the proposition that a loss-of-future-earnings claim never existed or was barred by a previous claim.

This Court concludes that the annuity in this case is "property traceable to a payment in compensation of loss of future earnings of…an individual of whom the debtor is or was a dependent." 11 U.S.C. § 522 (d)(11)(E). Had the parties not stipulated to the facts, the Court might have considered any offered evidence as to whether Thomas Marble Sr. had already been compensated for loss of future earnings by, for instance, worker's compensation or the separate tort action filed by Thomas Marble Sr. and Sherry Marble. But given the constraints of the

---

[6] "Whereas the parties wish to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims which are or might have been the subject of the Complaint…" Settlement Agreement. Exhibit D to Trustee's Objection, ¶ "C."

stipulated facts, the Court cannot speculate or draw dispositive inferences as to whether and what extent loss-of-future-earnings claims were resolved or absent. Given the broad language of the Settlement Agreement, the Court concludes that Debtor Thomas Marble Jr. may claim the annuity exemption under § 522(d)(11)(E) in the full amount of $19,750.00.

The Trustee shall prepare and present an appropriate order.

.

**Signed on December 28, 2009**

                                     **\_\_\_\_ \_\_/s/ Walter Shapero_____**
                                     **Walter Shapero**
                                     **United States Bankruptcy Judge**